BOYER *v.* CROWN AIR CONDITIONING & HEATING CO., INC.

APPEAL AND ERROR—INSTRUCTIONS—OBJECTIONS—SAVING QUESTION FOR REVIEW.
    Objection to instructions of trial court to jury on possible damages is untimely when raised for the first time in a motion for new trial, where judge, sitting in chambers, before closing arguments, said that he intended to submit the conflicting claims of the parties concerning damages to the jury as a question of fact, defendant did not object, the defendant made no objection after the court had instructed the jury, and the verdict of the jury was within the limits of the court's instructions and the evidence (GCR 1963, 516.2).

Appeal from Common Pleas Court of Detroit, Rodgers (Julian P., Jr.), J. Submitted Division

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 623.

1 February 8, 1968, at Detroit.   (Docket No. 3,713.)
Decided May 28, 1968.

Complaint by Richard M. Boyer against Crown
Air Conditioning & Heating Co., Inc., a Michigan
corporation, for bonus accrued under an oral con-
tract of employment.   Judgment for plaintiff.   De-
fendant appeals.   Affirmed.

*Louis Rosenzweig,* for plaintiff.

*George Gregory Mantho (Larry L. Kline,* of
counsel), for defendant.

BURNS, P. J.   Defendant appeals from an order
denying his motion for new trial which raised an
objection to instructions on possible damages.

Defendant had two previous opportunities to ap-
prise the court of the allegedly objectionable nature
of the court's instructions.   Prior to closing oral
arguments the judge, sitting in chambers, noted
that plaintiff's requested instructions were ambig-
uous, and consequently he clearly indicated that he
intended to submit the conflicting claims concerning
damages as a question of fact; defendant did not
object to this proposal at that time.   After the court
so instructed the jury, counsel failed to make known
his objection to the court's instructions pertaining
to the computation of damages as required by GCR
1963, 516.2.   Defendant's sole assignment of error
was untimely.

The verdict of the jury was within the limits of
the court's instructions and the evidence.

Affirmed.   Costs to plaintiff-appellee.

HOLBROOK and PETERSON, JJ., concurred.